UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALFONSO M. BLAKE,<br><br>    Plaintiff<br><br>v.<br><br>JAMES DZURENDA, et. al.,<br><br>    Defendants | Case No.: 3:19-cv-00321-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 21 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Preliminary Injunction. (ECF Nos. 21, errata at 22.) Defendants filed a response. (ECF Nos. 25, 25-1 to 25-6.) Plaintiff filed a reply. (ECF No. 30.) After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 4.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*)

The court screened Plaintiff's complaint and allowed him to proceed with claims under the First Amendment's Free Exercise Clause, the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) and the Fourteenth Amendment's Equal Protection Clause

against defendants James Dzurenda, Richard Snyder, Timothy Filson and Kim Thomas, related to allegations that he is a practicing Hindu and requires a vegan diet.

Specifically, Plaintiff alleges that he is a practicing Hindu, and believes in the requirements concerning the consumption of food proscribed by Ahisma, which requires him not to consume animal flesh or other animal byproducts such as eggs or dairy. Plaintiff avers that NDOC's (former) Director Dzurenda implemented an administrative regulation (AR) that designates NDOC's "alternative meatless diet" as the appropriate diet for all Hindus; however, Plaintiff claims that this diet contains eggs, dairy, and other animal byproducts and does not meet Plaintiff's religious dietary needs.

In January of 2017, Plaintiff requested to participate in NDOC's "Common Fare" diet. Although Plaintiff would prefer a true vegan diet, he states that he would accept the Common Fare diet as an alternative. That diet is provided to Muslim and Jewish inmates to accommodate their religious dietary needs. ESP Chaplain Marc Mallinger informed Plaintiff that Hindus are not eligible for the Common Fare diet. Then, in February of 2017, Plaintiff submitted a request for accommodation of religious practices form to Mallinger, informing him that the alternative meatless menu did not meet his religious dietary requirements. Defendant Snyder denied Plaintiff's request. Plaintiff appealed this decision through NDOC's grievance process, and his grievances were denied by Filson and Thomas.

The Attorney General's Office accepted service for Dzurenda, Snyder and Thomas, but not Filson, who is a former NDOC employee. (ECF No. 13.) Filson was not timely served, and the court issued a notice of intent to dismiss Filson for lack of timely service under Federal Rule of Civil Procedure 4(m). (ECF No. 26.) Plaintiff then sought to substitute ESP Warden William Gittere in Filson's place. (ECF No. 31.) Defendants did not oppose the motion to substitute

current ESP Warden Gittere in place of former ESP Warden Filson, in his official capacity only, and indicated the Attorney General's Office would accept service on behalf of Gittere. (ECF No. 32.) The motion was granted, and Gittere was substituted in place of Filson in his official capacity. (ECF No. 34.) Current Director Charles Daniels should also be substituted in place of former Director Dzurenda as Dzurenda was only sued in his official capacity. Fed. R. Civ. P. 25(d). Therefore, this action is proceeding against NDOC Director Daniels (official capacity only), NDOC Chaplain Snyder (individual and official capacities), Deputy Director of Programs Thomas (individual and official capacities) and ESP Warden Gittere (official capacity only).

Plaintiff seeks a preliminary injunction directing that Defendants place him on the Common Fare diet. (ECF No. 21.)

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every

case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### III. DISCUSSION

Plaintiff states that he is moving for injunctive relief based only on his RLUIPA claim, and the court will address his motion accordingly.

Section 3 of RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution … even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person -- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

"The Supreme Court has recognized RULIPA as … [a] 'congressional effort[ ] to accord religious exercise heightened protection from government-imposed burdens[.]" *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005)). Nevertheless, "[c]ourts are expected to apply RLUIPA's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security, and discipline, consistent with consideration of costs and limited resources." *Hartmann*, 707 F.3d at 1124 (internal quotation marks and citation omitted).

"Under RLUIPA, the challenging party bears the initial burden of proving that his religious exercise is grounded in a sincerely held religious belief …, and that the government's action substantially burdens his religious exercise." *Holt v. Hobbs*, 135 S.Ct. 853, 857 (2015) (citations omitted). A substantial burden "must impose a significantly great restriction or onus upon such exercise." *Greene*, 513 F.3d at 987 (quoting *San Jose Christian Coll v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)).

If the plaintiff makes a showing of a substantial burden on the exercise of his religion, the court's analysis then turns to whether the defendant has established that burden furthers "a

compelling interest," and does so "by the least restrictive means." 42 U.S.C. § 2000cc-1(a), (b); *Holt*, 135 S.Ct. at 857 (citation omitted).

To establish a likelihood of success on the merits of his RLUIPA claim, Plaintiff must demonstrate that his religious exercise is grounded in a sincerely held religious belief and that the Defendants' conduct (of not permitting him to partake in the Common Fare diet) substantially burdens his religious exercise.

Plaintiff states that he is a practicing Hindu, and believes that his faith requires a true vegan diet, which prohibits consuming flesh foods, canned (or non-fresh) fruit, eggs, dairy, and other animal byproducts. As a Hindu within NDOC, he has been restricted to the alternative meatless diet, but Plaintiff contends this diet contains non-fresh fruit, lacks whole vegetables, and contains animal byproducts. Plaintiff seeks to be placed on NDOC's Common Fare diet, which he says is not ideal, but is an improvement over the alternative meatless diet and would satisfy his religious needs. He contends that requiring him to adhere to the alternative meatless diet forces him to either consume certain foods that violate his beliefs, or not receive his allotted caloric intake by removing portions of the food that NDOC serves him. He claims he has no alternative resources to achieve a vegan diet, and as such, Defendants' conduct substantially burdens his religious exercise. He states that this burden can be lessened if he is placed on the Common Fare diet.

Defendants, on the other hand, provide evidence that creates a significant question of fact as to the sincerity of Plaintiff's belief and as to whether placing him on the alternative meatless diet actually places a substantial burden on his ability to exercise his religion. While Plaintiff claims his faith prohibits him from consuming meat, dairy or eggs, his canteen history reflects that he regularly purchases items containing meat, dairy and eggs, including: Ranch dressing,

beef, chicken and shrimp Top Ramen, fish steaks, tuna, "Chick-o-Stick", bean and cheese burritos, sharp cheddar cheese, powder milk mix, Philadelphia cream cheese, "meat chub hot", Velveeta cheese squeeze, microwave popcorn with butter, pork rinds, mozzarella cheese, cheese and crackers, beef salami, "Summer Sausage beef", sliced pepperoni, and beef stew pouches. (ECF No. 25-5.)

In his reply, Plaintiff argues that Defendants have not proven that Plaintiff actually consumed these items, stating that inmates regularly trade such items; however, Plaintiff also does not provide a declaration stating that he did not in fact consume these items. With a significant question of fact regarding the merits of his RLUIPA claim, the court does not find that he has demonstrated a likelihood of success on the merits, or that he will suffer irreparable injury in the absence of injunctive relief.

Moreover, Plaintiff acknowledges in his reply that NDOC has instituted a new vegan diet. Plaintiff's inmate request forms (attached as exhibits to his reply brief) characterize the diet as the "vegan alternate diet" and specifically states that the alternative diet was changed to a vegan diet in July of 2020. (*See* ECF No. 30 at 10-14.)

Plaintiff does argue that the new vegan diet has not been fully implemented at ESP and he has still received tuna and eggs. The court points out that to the extent Plaintiff claims the new vegan diet violates his religious rights because it sometimes includes tuna, Plaintiff's canteen history indicates that he has purchased tuna for himself. In any event, it appears that the implementation of the new vegan diet may render moot Plaintiff's request for injunctive relief—that he be placed on the *Common Fare diet*.[1] It appears the Common Fare diet contains meat,

---

[1] There may still be a question as to whether this new vegan diet substantially burdens his religious exercise if he is in fact continually receiving non-vegan items.

7

dairy and eggs, while the new vegan diet does not call for serving eggs, meat or and uses milk replacements or omits milk and eggs. (*See* ECF No. 25-1 (alternative meatless menu certified May 29, 2020) vs ECF No. 25-2 (Common Fare menu certified May 29, 2020). Plaintiff's motion for a preliminary injunction is predicated on Defendants forcing him to adhere to the alternative meatless diet, but it appears that this diet is no longer in place. Neither side adequately addresses the impact the implementation of a new vegan alternative diet has on Plaintiff's request to be placed on the Common Fare diet. The court simply does not have enough information at this time about the new vegan diet to determine whether or not there is a substantial burden being placed on Plaintiff's ability to exercise his Hindu faith, or whether the new vegan menu is better aligned with Plaintiff's beliefs than the Common Fare diet.

For these reasons, Plaintiff's motion for a preliminary injunction should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) Formally **SUBSTITUTING** current NDOC Director Daniels in place of former NDOC director Dzurenda pursuant to Federal Rule of Civil Procedure 25(d); and

(2) **DENYING** Plaintiff's motion for a preliminary injunction (ECF No. 21).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

      2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 1, 2021

                                                                             */s/ William G. Cobb*
                                                                             William G. Cobb
                                                                             United States Magistrate Judge