# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALFONSO BLAKE,

    Plaintiff

v.

JAMES DZURENDA, et. al.,

    Defendants

Case No.: 3:19-cv-00321-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons stated below, it is recommended that Richard Snyder be dismissed without prejudice under Federal Rule of Civil Procedure 25(a)(1) because a suggestion of death was filed, and no timely motion to substitute a party in place of Snyder was filed.

## I. BACKGROUND

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), and filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 4.) The court screened Plaintiff's complaint and allowed him to proceed with First Amendment, RLUIPA, and equal protection claims against Dzurenda, Snyder, Filson and Thomas, based on allegations that he is a practicing Hindu and requires a vegan diet, but would accept the Common Fare diet offered to Jewish and Muslim inmates. He avers that Defendants refused his requests for either diet. (ECF No. 3.)

A suggestion of death of defendant Richard Snyder was filed by Defendants on

July 7, 2021, indicating that Richard Snyder passed away on June 20, 2021. (ECF No. 49.) On July 12, 2021, the court  ordered the Attorney General's Office to undertake an investigation regarding the status of an estate for Richard Snyder to obtain information about the representative of the estate or appropriate successor, and provide the results to the court by August 6, 2021. (ECF No. 50.)

On August 6, 202, Defendants filed a notice indicating that they undertook an investigation and were informed that no estate exists for Richard Snyder.[1] (ECF Nos. 53, 53-1, 53-2.) Plaintiff filed a response indicating that Snyder was sued in his individual and official capacities; therefore, the action should continue against Snyder's successor insofar as he was sued in his official capacity. (ECF No. 54.)

## II. DISCUSSION

Federal Rule of Civil Procedure 25 provides in pertinent part:

**(a) Death**

(1) *Substitution if the Claim is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
…
(3) *Service*. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.
…

Fed. R. Civ. P. 25(a)(1), (3).

---

[1] The Attorney General's Office maintained that it complied with the order, but asserted reservations that the directive created an ethical conflict.

The Ninth Circuit explicitly declined to address the issue of when the period to file a motion to substitute is triggered when the nonparty successor or representative is not served with the statement noting the death because the appropriate person could not be ascertained at the time the suggestion of death was made. *Barlow v. Ground,* 39 F.3d 231, 234 (9th Cir. 1994) (citations omitted).

The undersigned adopts the position that the ninety-day period was triggered by the filing of the suggestion of death even though a successor party was not served with the notice because the appropriate person could not be ascertained at the time the suggestion of death was made. *See e.g. Unicorn Tales, Inc. v. Banerjee*, 135 F.3d 467, 469-70 (2d Cir. 1998) (holding that all Rule 25 required was service of the notice of death upon existing parties to trigger the 90-day period in a case where there was inability or significant difficulty identifying the decedent's legal representative or successor); *Williams v. Baron*, No. 2:03-cv-2044 LKK JFM (PC), 2009 WL 331371, at *3 (E.D. Cal. 2009) (same); *see also Brand v. Cox*, 3:17-cv-00043-MMD-WGC, ECF Nos. 76, 106; *Collins v. Collins*, No. 3:16-cv-00111-MMD-WGC, ECF Nos. 109, 232.

More than 90 days have passed since the suggestion of death was filed, and Plaintiff has not filed a motion to substitute for Richard Snyder. Therefore, Richard Snyder should be dismissed. Rule 25(a)(1) "does not specify whether the dismissal 'must' be *with prejudice*." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (emphasis original). The Ninth Circuit has noted, however, that "the 'history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.'" *Id*. (quoting *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (citation omitted); *United States v. Miller Bros Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974); 7C Charles Alan Wright, et. al., Federal

3

Practice and Procedure § 1955 (3d ed. 2017)). Rule 6(b) would govern a late motion to substitute. *Id*. at 1095.

In case Plaintiff should obtain information identifying Snyder's executor or administrator after expiration of the 90-day period, Snyder's dismissal should be without prejudice (however, Plaintiff will have to make the requisite showing under Rule 6(b)). *See id.* (noting that dismissal with prejudice is not mandatory).

Plaintiff argues that the action should proceed against Snyder's successor under Rule 25(d) insofar as Snyder was sued in his official capacity.

Rule 25(d) provides:

> **(d) Public Officers; Death or Separation from Office**. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d).

Plaintiff's complaint checked the box that he was suing Snyder in his individual and official capacities. (ECF No. 4 at 2.) Snyder is alleged to have been a chaplain as well as a Religious Review Team member. (ECF No. 4.)

A state official sued in his or her *official* capacity for damages is not a person subject to suit under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). State officials sued in their official capacity for *injunctive relief*, however, are persons for purposes of section 1983. *See id*. at 71, n. 10. A claim against a defendant in his or her official capacity is actually a suit against the entity of which the named defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159 (1985). In an official-capacity suit, the plaintiff must demonstrate that a

policy or custom of the government entity of which the official is an agent was the moving force

behind the violation. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

First, Plaintiff has not stated whether Snyder even has a successor, and he has not

identified such person, if he or she exists.

Second, assuming, without deciding, that Snyder was a "public officer" for purposes of

Rule 25(d), the court finds it is unnecessary to continue the suit against Snyder's unidentified

successor as Plaintiff has also sued NDOC's director in his official capacity as well as the

warden and deputy director of programs in their official capacities. To the extent Plaintiff seeks

injunctive relief and he is successful, such relief can be carried out by the remaining defendants,

who are sued in their official capacities and as such represent the government entity which

Plaintiff claims was responsible for failing to provide him with a vegan meal, or alternatively,

with the Common Fare menu, to satisfy his religious needs.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING**

Richard Snyder **WITHOUT PREJUDICE** under Rule 25(a)(1).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

this Report and Recommendation within fourteen days of being served with a copy of the Report

and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for

consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 13, 2021

_____
William G. Cobb
United States Magistrate Judge

6