1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALFONSO M. BLAKE,

                                    Petitioner,

         v.

JAMES DZURENDA, et al.,

                                    Respondents.

Case No. 3:19-cv-00321-ART-CSD

ORDER

Plaintiff Alfonso M. Blake ("Blake") is an inmate in the custody of the Nevada department of Corrections ("NDOC"), residing at Ely State Prison ("ESP"). This case involves Blake's claim that he was denied a vegan diet consistent with his Hindu beliefs, and that he was denied, as an alternative to a vegan diet, the prison's Common Fare Menu (CFM), a diet that aligned closer with his beliefs and was offered to Jewish and Muslim inmates. Blake was instead provided with the Alternative Meatless Diet (AMD) which contained no meat but did contain animal products and less fruits and vegetables than CFM. Blake asserts that Defendants violated his rights under the First Amendment's Free Exercise Clause, the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), and the Equal Protection Clause. Since the inception of this lawsuit NDOC began to offer a modified AMD which purports to be vegan, but it appears not to have been fully implemented at ESP and Blake still receives non-vegan items.

Before the Court is Judge Denney's Report and Recommendation (R&R) (ECF No. 69) recommending that Blake's motion for summary judgment on his First Amendment and RLUIPA claims (ECF No. 59) be granted; that Defendants' motion for summary judgment on Blake's First Amendment, Fourteenth Amendment Equal Protection Clause, and RLUIPA claims (ECF No. 60) be denied;

1

1  and that this matter proceed to trial on Blake's equal protection claim and with

2  respect to damages for the free exercise and RLUIPA claims.

3      The Court adopts Judge Denney's R&R insofar as it grants Blake summary

4  judgment on his RLUIPA claim and denies Defendant's motion for summary

5  judgment on that claim.

6      The Court rejects the R&R insofar as it denies Defendant's summary

7  judgment with respect to Blake's claims against Defendant Thomas, who is sued

8  in his individual capacity, because there is no evidence that Thomas personally

9  participated in the alleged constitutional violation.

10      What remains are Blake's First Amendment and Equal Protection claims

11  against Defendants in their official capacities. Those claims are duplicative of the

12  RLUIPA claim because Blake requests the same form of injunctive relief (provision

13  of a diet that allows him to comply with the Hindu Ahima vegan diet) under all

14  three provisions. The Court thus modifies the R&R with respect to those claims

15  and dismisses them as duplicative.

16      As set forth below, the Court adopts the portion of the R&R granting Blake's

17  motion for summary judgment as to the RLUIPA claim and finds that injunctive

18  relief is not moot because Blake continues to receive non-vegan items and a

19  violation could recur. The Court orders the parties to confer about the precise

20  language and scope of an appropriate injunction. If the parties do not reach an

21  agreement, they must submit supplemental briefing on the matter.

22  **I.    Relevant Procedural History**

23      In his Complaint, Blake sued multiple defendants for events that took place

24  while Blake was incarcerated at Ely State Prison ("ESP"). (ECF No. 1-1 at 1.) Blake

25  sued Defendants James Dzurenda, Richard Snyder, Timothy Filson, and Kim

26  Thomas. (*Id.* at 1-2.) Blake brought three counts and sought monetary,

27  injunctive, and declaratory relief. (*Id.* at 4-8, 11.)

28      The Complaint alleged that Blake is a practicing Hindu. (*Id.* at 3.) As a

Hindu, Blake desired to practice all the requirements concerning the consumption of food proscribed by Ahisma. (*Id.*) Blake's religious beliefs required him not to consume animal flesh or other animal byproducts such as eggs or dairy. (*Id.*) Dzurenda implemented an administrative regulation that designated NDOC's ADM as the appropriate diet for all Hindus. (*Id.* at 4.) This diet contains eggs, dairy, and other animal byproducts and did not meet Blake's religious dietary needs. (*Id.* at 4-5.) In January 2017, Blake requested to participate in NDOC's CFM program. (*Id.* at 5.) Although Blake would prefer a true vegan diet, he would accept the CFM diet as an alternative. (*Id.* at 6.) The CFM diet is provided to Muslim and Jewish inmates to accommodate their religious dietary needs. (*Id.* at 7.) ESP chaplain Marc Mallinger informed Blake that Hindus are not eligible for the CFM diet. (*Id.* at 5.) In February 2017, Blake submitted a request for accommodation of religious practices form to Mallinger, informing Mallinger that the AMD menu did not meet his religious dietary requirements. (*Id.*) Defendant Snyder denied Blake's request. (*Id.* at 6.) Blake appealed that decision and his informal, first-level, and second-level grievances were each denied by either Filson or Thomas. (*Id.*)

Based on these allegations, Blake complained that the Defendants violated his First and Fourteenth Amendment rights, as well as the RLUIPA. (*Id.* at 4-8.) The Court allowed Blake's First Amendment free exercise of religion claim to proceed against Defendants Dzurenda, Snyder, Filson, and Thomas, Blake's RLUIPA claim to proceed against Defendants Dzurenda, Snyder, Filson, and Thomas, and Blake's Fourteenth Amendment equal protection claim to proceed against Defendants Dzurenda, Snyder, Filson, and Thomas. (ECF No. 3.)

Filson was dismissed under Federal Rule of Civil Procedure 4(m) for lack of timely service. ESP's Warden William Gittere was substituted in Filson's place insofar as Filson was sued in his official capacity. (ECF Nos. 32, 34.) Current NDOC Director Charles Daniels was substituted in place of former Director

Dzurenda under Federal Rule of Civil Procedure 25(d), as Dzurenda was only sued in his official capacity. (ECF Nos. 46, 47.) Snyder passed away and was dismissed without prejudice. (ECF Nos. 49, 57, 58.) Therefore, this action is proceeding against NDOC Director Daniels (official capacity only), Deputy Director of Programs Thomas (individual and official capacities), and ESP Warden Gittere (official capacity only).[1]

Blake moved for summary judgment, arguing that denying him a vegan diet and limiting the CFM to Jewish and Muslim prisoners violates his rights under the First Amendment and RLUIPA. He did not move for summary judgment on the equal protection claim. (ECF No. 59.) Defendants also moved for summary judgment, arguing: (1) they did not personally participate in the alleged constitutional violations because Thomas and Gittere only responded to Blake's grievance, and Director Dzurenda only implemented regulations and policies that were in compliance with the Constitution;[2] (2) Blake was able to freely practice his religion and his religious exercise was not substantially burdened because he sought an alternative diet that would have been more harmful to his religious beliefs; (3) Blake cannot prove any other inmate with Hindu beliefs was treated differently than he was; and (4) Defendants are entitled to qualified immunity. (ECF No. 60.)

Judge Denney issued an R&R recommending that this Court grant Blake's motion for summary judgment and deny Defendant's motion for summary judgment. (ECF No. 69.) Defendants objected to the R&R (ECF No. 72) and Blake responded (ECF No. 73).

---

[1] It is unclear which defendants are still employed by NDOC and in what capacity. It is the Court's understanding that William Gittere is serving as the acting director for the Nevada Department of Corrections and that Charles Daniels has resigned. Defendants can move to substitute new official capacity defendants following receipt of this Order.

[2] Defendants acknowledge in their reply that this defense does not apply to Daniels and Gittere, who were sued only in the official capacity. (ECF No. 67 at 4.)

## II.     Legal Standard

### A.     Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

### B.     Summary Judgment Standard

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact

for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). The Court views the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008). "When simultaneous cross-motions for summary judgment on the same claim are before the Court, the Court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Tulalip Tribes of Wash. v. Wash.*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citation omitted).

### III.   Undisputed Facts

Blake has declared his faith as Hindu since December 16, 2016. (ECF No. 60-1 at 2.) Blake believes in Ahimsa, which requires a vegan way of life, and includes eliminating or reducing animal, animal byproducts, eggs, milk, and canned foods from the diet. (Pl. Decl., ECF No. 59 at 18-19 ¶ 3.) Blake cannot attend religious services, and there is no clergy specific to Hindus at ESP. (*Id.* at 19 ¶ 5.)

In January of 2017, NDOC did not offer a vegan diet. On January 12, 2017, Blake requested to be placed on the CFM diet, stating that he adhered to the Ahimsa vegan diet, and could not eat flesh foods, eggs, leather, dairy or other animal byproducts. He said that the AMD was not fit for the Hindu Ahimsa diet, but CFM was the closest diet to accommodate the Ahimsa vegan diet as far as fruits and vegetables are concerned, and it offered minimal meat. (ECF No. 60-2.)

On February 1, 2017, Rabbi M. Mallinger responded that Blake's faith group was Hindu, and as such, Blake was not eligible for the CFM. Instead, the appropriate menu was the AMD. (ECF No. 60-3; Mallinger Decl., ECF No. 60-4.)

1    On February 22, 2017, Blake sent a request for accommodation of religious

2    practices form indicating he would like to add CFM to the practice of Hinduism

3    due to the Ahimsa, a vegan way of life, which includes no flesh foods, eggs, dairy,

4    or other animal byproducts. (ECF No. 60-5.) On April 12, 2017, Chaplain Snyder

5    sent Blake a letter on behalf of the Religious Review Team, stating that inmates

6    with the declared faith of Hindu are eligible for the AMD, and denied Blake's

7    request for the CFM accommodation. (ECF No. 60-6.)

8    On May 3, 2017, Blake filed an informal level grievance asking to be placed

9    on the CFM. He repeated that the AMD did not meet the requirements of the

10   Ahimsa in the Hindu practice because the AMD served a great proportion of dairy

11   products. CFM, on the other hand, had minimal meat and provided more fruits

12   and vegetables. (ECF No. 60-7 at 8, 10.) Hammel responded to the informal level

13   grievance. Blake was advised that to be placed on the CFM, he had to follow AR

14   814.03, and submit a religious diet accommodation form and show the reason

15   why the request was denied. (ECF No. 60-7 at 9.)

16   Blake filed a first level grievance on July 12, 2017, attaching a copy of his

17   religious diet accommodation request form, and stated he was denied CFM due

18   to his Hindu faith. (ECF No. 60-7 at 6.) Filson responded to the first level

19   grievance, stating that placement on the CFM was denied because a Hindu

20   inmate is not eligible for CFM, and the appropriate menu for a Hindu inmate is

21   the AMD. (ECF No. 60-7 at 7.)

22   Blake filed a second level grievance on August 30, 2017, stating that his

23   religious rights had been infringed. He reiterated that the AMD includes eggs,

24   dairy, and animal byproducts, which violate his Hindu Ahimsa beliefs. (ECF No.

25   60-7 at 2, 4.) Thomas responded to the second level grievance, denying the

26   request for placement on the CFM because Hindus are not eligible for that menu,

27   but instead are eligible for the AMD. (ECF No. 60-7 at 3.)

28   NDOC's Faith Group Overview, states that an inmate who has declared the

Hindu faith should be served the AMD. (ECF Nos. 60-12 at 11, 60-13.) The Faith Group Overview provides that Islam/Muslim inmates may receive the AMD or CFM. (*Id.* at 12.) Adherents of Judaism may receive the CFM diet. (*Id.* at 13.)

During the relevant time period, the AMD offered substitutions that included no meat "for inmates wishing to participate in a vegetarian type lifestyle," but it had no vegan menu substitutions. (ECF No. 60-8 at 2.)

In May of 2020, NDOC modified the AMD to be a vegan diet (ECF Nos. 60-10, 60-11); however, Blake filed several inmate request forms and grievances asserting that he still received eggs with his meals on the modified diet. (ECF No. 59 at 110-147.)[3]

## IV.   Analysis

### A.   RLUIPA

Blake claims that NDOC's policy of forcing Hindu inmates to accept the AMD diet violates his rights under RLUIPA. RLUIPA, 42 U.S.C. §§ 2000cc-2000cc-5, prohibits the government from imposing a substantial burden on the religious exercise of an institutionalized person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1) - (2). Under RLUIPA, a plaintiff must show that government action has substantially burdened the exercise of the plaintiff's religion without a compelling government interest and by the least restrictive means. *See Guam v. Gurerrero*, 290 F.3d 1210, 1222 (9th Cir. 2002). "[A] 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (quotations omitted). Thus, an institutionalized person's religious exercise is substantially burdened "where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby

---

[3] Blake was not permitted to proceed with a claim regarding the modified Alternative Meatless Diet that NDOC began offering in 2020; although, as will be discussed further below, this modified diet is relevant to his request for prospective injunctive relief.

putting substantial pressure on an adherent to modify his behavior and to violate his belief.'" *Id.*

The Court agrees with Judge Denney's analysis of Blake's RLUIPA claim, adopts it by incorporation, and overrules Defendants objections. Blake has a sincerely held belief that he must maintain a vegan diet as a Hindu adherent that believes in Ahimsa. Blake's religious exercise was substantially burdened. Defendants did not establish that their conduct furthers a compelling governmental interest and does so by the least restrictive means. Defendants provide no evidence that providing Blake (who requires a vegan diet under his faith) with one non-vegan diet over another non-vegan diet advances any government interest, let alone a compelling one.

### B.    Mootness

Blake's request for injunctive relief is not moot because there exists a live issue of whether Blake is receiving and will continue to receive a vegan diet. Mootness is a question of law. *Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 586 U.S. 85, 90 (2013) (*quoting Murphey v. Hunt*, 455 U.S. 478, 481 (1982)). "It is well-established, however, that voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case unless it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Fikre*, 904 F.3d at 1037 (internal citation and quotation omitted). Thus, "the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be

expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000).

The Court rejects Defendants' argument that Blake's request for injunctive relief is moot because the modified AMD that NDOC adopted in 2020 may, in practice, not be vegan and, even if it is vegan, nothing prevents Defendants from ceasing to offer it in the future. Defendants provide a copy of the modified AMD (as of May 29, 2020). The menu indicates it does not contain meat, milk, or eggs, and it appears to offer fresh vegetables. (ECF No. 60-11.) Blake, however, states in his declaration and has produced kites and grievances demonstrating that he was still served eggs and other animal byproducts with this diet. (Pl. Decl., ECF No. 59 at 20 ¶ 5, ECF No. 59 at 110, 111, 121, 122, 123, 124, 133, 139.) Some of the responses to his requests admit that eggs are not vegan, and Blake should not be receiving them. (ECF No. 59 at 122, 134, 139.) The issue presented thus remains live. Even if Blake was receiving a truly vegan diet, however, nothing prevents the defendants from ceasing to provide a vegan diet to Blake in the future. Blake's claim for injunctive relief is not moot.

Because NDOC does not appear to have adequately implemented their vegan menu. Blake is entitled to injunctive relief requiring NDOC to provide Blake with a vegan diet. The Court "shall not grant or approve any prospective relief unless . . . such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626a(1)(A). Requiring NDOC to provide Blake with a vegan diet is narrowly tailored to the violation and unintrusive. NDOC has developed a vegan menu, but apparently has not fully implemented it. Because NDOC has already developed a vegan menu, an injunction permitting Blake to be able to participate in the CFM diet, as he originally requested, is no longer narrowly tailored or the least intrusive means to correct the violation of Blake's rights. Requiring that Blake truly

receives a vegan diet is the appropriate remedy. The Court thus orders the parties to confer about the precise language and scope of an appropriate injunction. Should the parties not reach an agreement, they should submit supplemental briefing.

### C.   Defendant Thomas

Because the Court finds that Thomas, the only defendant sued in his official and individual capacity, did not personally participate in any alleged constitutional violation, the Court grants Thomas summary judgment to the extent Thomas is sued in his individual capacity. A person deprives another of a constitutional right, within the meaning of section 1983, if he causes the deprivation of which the plaintiff complains. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "[V]icarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act, the defendant cannot be liable under § 1983." *Id.* (*quoting Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Blake presents no evidence that Thomas caused the alleged constitutional violation, only that he denied his second level grievance. Thomas's spectrum of choices was limited by the administrative regulations that were in place. There is no dispute that there was no vegan diet in place until 2020 or that CFM had been approved for Hindu inmates such that Thomas even had the authority to act on Blake's grievance when he denied it. Thus, Thomas is entitled to summary judgment to the extent he is sued in his individual capacity.

### D.   Blake's Remaining Constitutional Claims

Because Blake's remaining claims pursue injunctive relief against Defendants in their official capacities under the First and Fourteenth

11

1   Amendments, the claims are entirely duplicative of the RLUIPA claim seeking the
2   identical form of injunctive relief. Accordingly, Blake's First and Fourteenth
3   Amendment claims are dismissed because they are asserted against defendants
4   in their official capacities and seek injunctive relief already provided under
5   RLUIPA. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) ("Courts should think
6   carefully before expending scarce judicial resources to resolve difficult and novel
7   questions of constitutional or statutory interpretation that will have no effect on
8   the outcome of the case.").

9   **V.    Conclusion**

10          IT IS THEREFORE ORDERED THAT the R&R is accepted in part, rejected
11   in part, and modified in part as follows:

12          Plaintiff's Motion for Summary Judgment (ECF No. 59) is GRANTED with
13   respect to Plaintiff's RLUIPA claim.

14          Defendant's Motion for Summary Judgment (ECF No. 60) is GRANTED with
15   respect to Defendant Thomas insofar as Defendant Thomas is sued in his
16   individual capacity.

17          Plaintiff's First Amendment and Equal Protection claims are DISMISSED
18   as duplicative of his RLUIPA claim.

19          The parties are ordered to confer about the precise language and scope of
20   an appropriate injunction and submit a proposed stipulation for the Court's
21   consideration within 30 days of this Order. If the parties are unable to reach an
22   agreement both parties are directed to submit supplemental briefing within 30
23   days of this Order.

24          DATED THIS 18th day of November 2022.

25
26
27                                                 ANNE R. TRAUM
28                                                 UNITED STATES DISTRICT JUDGE