UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALFONSO M. BLAKE,<br><br>      Petitioner,<br> v.<br><br>JAMES DZURENDA, et al.,<br><br>      Respondents. | Case No. 3:19-cv-00321-ART-CSD<br><br>ORDER |

  Before the Court are competing proposals for language that would give Plaintiff injunctive relief so that he can receive a vegan diet consistent with his religious beliefs. (ECF Nos. 75; 76.) Before the Court is also Plaintiff's request for reconsideration of this Court's Order. (ECF No. 75.) The Court previously granted summary judgment in favor of Plaintiff with respect to his RLUIPA claim, granted summary judgment in favor of Defendant Thomas (the only Plaintiff sued for damages), and dismissed Plaintiff's constitutional claims as duplicative of his RLUIPA claim. (ECF No. 74.) The Court directed the parties to confer and submit proposed language for injunctive relief and further ordered that if the parties are unable to reach an agreement each should submit supplemental briefing. (*Id.*) The parties are unable to reach an agreement with respect to the language of an injunction and Plaintiff further requests reconsideration of the Court's Order. (ECF Nos. 75; 76.) The Court adopts Defendant's proposed language and denies Plaintiff's request for reconsideration.

  Plaintiff's supplemental brief requests reconsideration of this Court's Order with respect to two issues. Plaintiff requests that the Court revisit its finding that Defendant Thomas did not personally participate in any alleged constitutional violation because he was merely a grievance responder and requests that the

1

Court revisit its decision to dismiss Plaintiff's constitutional claims as duplicative of his RLUIPA claim.

The Court declines to reconsider its Order with respect to Defendant Thomas. Plaintiff incorrectly relies on Nevada Administrative Code ("AR") 810.3 to support his contention that Thomas was not merely a grievance denier but personally participated in the alleged deprivation of Plaintiff's constitutional rights. Defendant Thomas was the Deputy Director during the relevant time frame. AR 810.3 gives the Deputy Director decision-making power with respect to recognition of new faith groups and personal religious property. AR 810.3 does not apply to the monitoring or implementation of religious diets. Another regulation, AR 814, governs the monitoring and implementation of religious diets. AR 814 does not give decision-making power to the Deputy Director. As such, AR 810.3 does not support Plaintiff's argument for reconsideration.

The Court also declines to revisit its decision with respect to the dismissal of the constitutional claims as duplicative of the RLUIPA claim. The Court dismissed Plaintiff's constitutional claims after it dismissed Defendant Thomas, the only defendant sued in his personal capacity. After Defendant Thomas was dismissed, the Court was left with an RLUIPA claim and constitutional claims requesting identical injunctive relief. The Court found it imprudent to reach the constitutional claims because the relief was duplicative of the RLUIPA claim. The only case cited by Plaintiff that appears relevant is *Jones v. Williams*, which supports this Court's decision. 791 F.3d 1023 (9th Cir. 2015). In *Jones*, the Ninth Circuit found the plaintiff's RLUIPA and free exercise claims moot with respect to injunctive relief because he had been released from prison but addressed his constitutional claims only to the extent the claims sought money damages, a different form of relief. *Id*. Like in *Jones*, any request under the Constitution for injunctive relief would be moot insofar as this Court already granted injunctive relief under RLUIPA.

The Court adopts Defendant's proposed language for injunctive relief, which is narrowly tailored to the Court's decision. The Court rejects Plaintiff's proposed language because it would require the Court to unreasonably interfere with NDOC's ability to manage its facility. Plaintiff requests, for example, that NDOC to allow Plaintiff to purchase vegan products from an outside vendor if food items are not available and requests personal delivery of his meals by food service cooks. These requests exceed the scope of the Court's Order.

IT IS THEREFORE ORDERED that the proposed injunction set forth in ECF No. 76 is adopted and incorporated by reference.

IT IS FURTHER ORDERED that to the extent Plaintiff's supplemental brief (ECF No. 75) moves this Court for reconsideration of this Court's Order (ECF No. 74) the motion is DENIED.

DATED THIS 3rd day of January 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE